**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:14-CV-00312-TBR**


ALANA COHEN                                                                                       Plaintiff,

v.

DAVE'S TOWING SERVICE, INC.                                                           Defendant.


**MEMORANDUM OPINION**

This matter comes before the Court upon the Motion for Summary Judgment of Defendant Dave's Towing Service, Inc. ("Dave's"). (Docket No. 7.) Plaintiff Alana Cohen has responded. (Docket No. 10.) Dave's has submitted no reply, and the time for doing so has elapsed. Fully briefed, this matter stands ripe for adjudication. For the reasons set forth below, Dave's motion will be DENIED.

**Factual Background**

On May 14, 2013, Cohen paid $7.00 to park in a private lot in downtown Louisville, Kentucky. When she returned, she discovered that her vehicle had been towed at the direction of Riverside, the lot's owner. Cohen attempted to retrieve her vehicle from Dave's, a Louisville towing service. Dave's charged Cohen $142.00, which she says exceeds the statutory limits. Although local ordinances confine Dave's to charging $107.00, Cohen alleges that Dave's charged her an excess $35.00 for what it characterized as a "dolly fee," despite the fact that no dolly was used to transport her vehicle. Moreover, according to Cohen, Dave's required Cohen to remit $800.00 to Riverside for unpaid "tickets" issued when she allegedly failed to pay an advance parking fee on previous occasions. She alleges that Dave's would release her vehicle only after she satisfied these payments and Riverside granted her a "release."

Cohen then filed this lawsuit in Jefferson Circuit Court on May 22, 2013, alleging claims against both Dave's and Riverside Parking, Inc. ("Riverside"). (Docket No. 1-1.) On March 14, 2014, she filed

an Amended Complaint.  She alleges that her circumstances are not unique, but that Dave's routinely cooperates with Riverside to collect unauthorized fees on Riverside's behalf.  She thus reasons that Dave's operates as a debt collector for the private parking lot, causing consumers to pay substantially more than they actually owe in order to recover their vehicles.

On April 11, 2014, Riverside removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Riverside has since been dismissed from this lawsuit, (*see* Docket No. 5), leaving seven counts pending against Dave's.  Her claims against Dave's allege violation of various Louisville Metro Ordinances, fraud, and the Fair Debt Collections Practices Act, theft, or conversion.  She seeks class certification, as well as monetary damages and injunctive relief.

### Legal Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment:  "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Monette v. Elec. Data Sys.*

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

## Analysis

### I.      Fair Debt Collection Practices Act

Dave's asserts a number of grounds for summary judgment in its motion.  Its first argument challenges this Court's jurisdiction:  Dave's argues that Cohen's claims fall below the $75,000 amount-in-controversy requirement established in 28 U.S.C. § 1332(a).  However, the company misperceives the basis of federal jurisdiction in this case.  Because Cohen's claim is not based upon diversity, the amount in controversy is of no moment; instead, her cause of action includes a federal question.  Cohen asserts that Dave's violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692—a federal statute. Accordingly, because district courts may exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, Cohen's complaint is properly raised in federal court.

Having acknowledged the fact of Cohen's FDCPA claim, the Court now turns to its substance. Congress enacted this consumer protection statute "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The legislation regulates various aspects of the business of debt collection.  *See generally* 15 U.S.C. §§ 1692b-1692e.  Therefore, Dave's liability under the FDCPA hinges upon whether it may be considered a "debt collector" as defined by the statute.  *See Aubert v. American General Finance, Inc.*, 137 F.3d 976, 980 (7th Cir. 1998) (affirming district court's award of summary judgment to credit card issuer and affiliate because neither were debt collectors under the FDCPA).  The FDCPA, in relevant part, defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Count Ten of Cohen's Amended Complaint asserts that Dave's alleged practice of refusing to release a towed vehicle until its owner satisfies certain debts that she purportedly owes, it acts as a debt collector for purposes of the FDCPA.  (Docket No. 1-3 at 8-9.)  Dave's rejects the notion that it acts as a "debt collector," insisting that the company does not regularly collect or attempt to collect the debts contemplated by the statute.  (Docket No. 7-1.)  Neither party presents evidence beyond its own self-serving assertions, nor does either offer case law supporting its position.  The Court requires more comprehensive and thorough argument to resolve this question.  Given the limited nature of the parties' arguments, and viewing the facts in the light most favorable to Cohen, the Court concludes that an award of summary judgment would be premature at this stage.[1]

## II.    Remaining claims

Cohen's remaining claims assert that Dave's committed conversion, violated the Kentucky Consumer Protection Act, and failed to abide by various Louisville Metro Ordinances governing the towing of vehicles.  (Docket No. 1-3.)  Dave's has moved for summary judgment on each of these claims. (Docket No. 7.)  The Court will deny Dave's motion at this stage, as it is unwilling to rely upon the scant arguments before it:  Dave's two-page memorandum in support of its motion provides largely conclusory arguments, and the company failed to submit a reply to Cohen's response brief.

Moreover, the bulk of Cohen's response addresses the alleged violations of Louisville ordinances. (Docket No. 10.)  As stated above, however, Cohen's single federal claim asserts that Dave's violated the FDCPA.  The Court now makes no judgments as to the substance of Cohen's allegations at this stage, and

---

[1] In addition, the president of Dave's avers that the company did not use any instrumentality of interstate commerce or the mails to help Riverside collect any debt owed to it.  (*See* Docket No. 7-6, Affidavit of David Jones.)  By way of rebuttal, Cohen insists that Dave's operated a tow truck, drove it upon various roadways, and called her on a telephone—all of which operate in or constitute instrumentalities of interstate commerce.  The Court must agree.

more developed arguments may indicate that Dave's is entitled to summary judgment on the FDCPA claim. Should Dave's motion for summary judgment on the federal count succeed, the Court may exercise supplemental jurisdiction over the remaining state and local claims pursuant to 28 U.S.C. § 1367(a) only if the "interests of judicial economy and the avoidance of multiplicity of litigation" outweigh the need to avoid "needlessly deciding state law issues." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004). Generally, when "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.* at 210 (internal quotation marks omitted). Bearing in mind the undetermined status of the FDCPA claim and the pending discovery disputes, the Court will refrain from addressing the issues of state and local law at this time.

## CONCLUSION AND ORDER

Therefore, for the reasons set forth above, the Court will DENY the Motion for Summary Judgment of Defendant Dave's Towing Service, Inc. ("Dave's"). (Docket No. 7.) An appropriate Order will issue concurrently with this Memorandum Opinion.